## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIE COX, JR., a/k/a ABBUE-JAH,       )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )       No. 4:19-cv-03235-AGF
                                        )
STEPHEN N. LIMBAUGH, JR.,               )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jah,

for leave to commence this civil action without prepayment of the required filing fee. (Docket No.

2). For the reasons discussed below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as

here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to

proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or

malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the

purpose of harassing the named defendant and not for the purpose of vindicating a cognizable

right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir.

1987).

When considering whether a complaint is malicious, the Court may refer to objective

factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.*

Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the

complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984); and *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished). *See also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The instant case is one of many interrelated civil rights actions that plaintiff has filed pro se and in forma pauperis in the United States District Court for the Eastern District of Missouri since September 17, 2019.[1] As of the date of this order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth in the statute.

In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process. Plaintiff was cautioned that restrictions may be imposed on him if he continued the practice. Nevertheless, plaintiff has not desisted. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2]

---

[1]*See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019), and *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019).

[2]*See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019), *Cox v. Autrey,* 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019), *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); and *Cox v. Clark*, No. 4:19-cv-03175-AGF (E.D. Mo. Nov. 27, 2019).

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). He names Judge Stephen N. Limbaugh, Jr. as the sole defendant. (Docket No. 1 at 2). The complaint is handwritten on a Court-provided form.

In the "Statement of Claim" section, plaintiff accuses Judge Limbaugh of violating the United States Constitution and violating "his oath to [plaintiff] as the beneficiary of the contract." (Docket No. 1 at 5). Plaintiff alleges that Judge Limbaugh breached this contract, though he does not explain to what contract he is referring. He also asserts that Judge Limbaugh "committed treason." In committing this alleged treason, plaintiff states that Judge Limbaugh intentionally inflicted emotional stress upon him.

Attached to the complaint is a memorandum titled "Judicial Notice to Challenge the Court's Jurisdiction." (Docket No. 1-1). In this memorandum, plaintiff states that a "traffic ticket IS a 'Writ of Assistance[,]' 'otherwise known as a Bill of Attainder.'" (Docket No. 1-1 at 1). He further asserts that a Bill of Attainder is not allowed by the United States Constitution. Plaintiff also claims that his right to travel by "private conveyance for private purposes" cannot be infringed.

Plaintiff seeks $1.6 million in actual damages, $1.6 million in general damages, and $1.6 million in punitive damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff has filed this civil action against Judge Limbaugh accusing him of violating the constitution, breaching a contract for which plaintiff is a beneficiary, and treason. The Court finds that plaintiff's in forma pauperis application should be denied and this action dismissed because the complaint is frivolous and malicious.

The complaint is frivolous because judges generally cannot be sued for monetary relief based on purported judicial misconduct, even if the judge is alleged to have acted maliciously or corruptly. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); and *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). Nothing in the instant complaint establishes that Judge Limbaugh acted in the absence of jurisdiction or outside his judicial capacity.

The complaint is malicious because it is clear from the circumstances surrounding the filing, as well as the nature of the allegations, that plaintiff filed the complaint to harass and disparage Judge Limbaugh for ruling against him. *See Spencer*, 656 F. Supp. at 461-63. Indeed, the complaint contains claims of treason and constitutional violations without presenting a single supporting fact. Moreover, the complaint is part of a pattern of abusive and repetitious lawsuits filed by plaintiff. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 18th day of December, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE